IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES COTTON, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 11-969 |
| | ) Magistrate Judge Cynthia Reed Eddy |
| v. | ) |
| | ) |
| ALLEGHENY COUNTY, | ) |
| ALLEGHENY CORRECTIONAL | ) |
| HEALTH SERVICES, INC., JOHN DOE | ) |
| C.O.S. TRANSPORT TEAM | ) |
| MEMBERS, | |
| | |
| Defendants. | |

## MEMORANDUM OPINION

### I. INTRODUCTION

Before this Court is Allegheny County's Motion to Dismiss [ECF No. 50] Plaintiff's Third Amended Complaint. [ECF No. 33]. For purposes of reviewing Motions to Dismiss, the Court assumes the truth of the facts as stated in the Third Amended Complaint.

### II. BACKGROUND

a. Statement of Facts Averred in the Third Amended Complaint

Plaintiff, James Cotton, at all relevant times was an inmate of the Allegheny County Jail. Third Am. Compl., [ECF No. 33] at ¶8. Defendant Allegheny Corrections Health Services, Inc., ("ACHS") is responsible for providing medical care for inmates at the Allegheny County Jail. *Id.* at ¶¶5, 9. This case arises from the surgical amputation of Plaintiff's right hand while receiving medical treatment under the care of ACHS as an inmate at the Allegheny County Jail. *Id.* at ¶¶17-26.

1

On or about February 10, 2009, ACHS drew blood from Plaintiff and submitted it for medical testing. *Id.* at ¶10. The following day, ACHS received the results of the blood test stating that Plaintiff's glucose level was elevated. *Id.* ¶10; Ex. A, Clinical Laboratory Report. Plaintiff alleges that ACHS did not inform him of the elevated glucose levels, and did not conduct follow up care in relation to his elevated blood glucose levels. [ECF No. 33] at ¶10. On August 13, 2009, six months after the blood test, Plaintiff requested medical care for symptoms of "dry mouth, blurred vision, involuntary muscle spasms, and balance issues." *Id.* at ¶13; Ex. B, 8/13/2009 Medical Progress Notes; Ex. C, 8/14/2009 Request for Medical Staff Attention. Plaintiff alleges that ACHS did not properly assess his blood sugar levels and dismissed his symptoms as side effects of the medication he was taking. [ECF No. 33] at ¶13; Ex. C.

On the morning of August 18, 2009, Plaintiff complained to a prison official of "weakness and constipation," and that he was unable to eat, or drink water. [ECF No. 33] at ¶¶14-15. When Plaintiff's symptoms intensified, ACHS was called to Plaintiff's cell to administer treatment. *Id.* at ¶16. Because of the severity of Plaintiff's symptoms, he was transported to UPMC Mercy for medical treatment. *Id.* Upon arriving at UPMC Mercy, Plaintiff's right hand was handcuffed to his hospital bed by two John Doe Transport Team Members. *Id.* at ¶17. Emergency personnel determined that Plaintiff was in respiratory failure, and intubated and sedated him. *Id.* at ¶18; Ex. D, 8/18/2009 UPMC Mercy Critical Care Medicine History and Physical Examination Report. The attending physician determined that Plaintiff was suffering from "diabetic ketoacidosis...[,] respiratory failure secondary to acidosis[,]" and acute renal failure due to hyperglycemia. [ECF No. 33] at ¶20; Ex. D; Ex. E, 8/18/2009 Consultation Report. Plaintiff was later diagnosed with Diabetes Mellitus. [ECF No. 33] at ¶21.

During the night of August 18, 2009 or early morning of August 19, 2009, hospital staff noticed that Plaintiff's right hand lacked a pulse and removed the handcuff restraining Plaintiff to the hospital bed. *Id.* at ¶¶22-23. Three days later, on August 21, 2009, blood flow had not returned to Plaintiff's right hand, and the attending physician determined that Plaintiff's finger tips had succumbed to gangrene. *Id.* at ¶¶24-25. In an attempt to save Plaintiff's hand from further injury, Dr. Guy Stofman performed a decompressive carpal tunnel procedure on August 27, 2009. *Id.* at ¶25; Ex. F, 8/27/2009 Operative Report. The procedure was unsuccessful, and on September 3, 2009, Plaintiff underwent an amputation of his right hand. [ECF No. 33] at ¶26; Ex. G, 9/3/2009 Operative Report.

b. Procedural History

Plaintiff initiated this action *pro se* on July 28, 2011, raising various civil rights claims arising out of the handcuffing incident and subsequent amputation of his right hand at UPMC Mercy. Compl., [ECF No. 3]. In his original Complaint, Plaintiff alleged Eighth Amendment violations against Defendants, 2 John Doe C.O.S. Transport Team, Allegheny Correctional Health Services, and Allegheny County Jail for their failure to properly diagnose and treat his medical symptoms. *Id.* at 1.

On August 11, 2011, Plaintiff filed an Amended Complaint, expanding upon his prior claims, and naming as Defendants Mark Patrick Flarherty, Allegheny County Counsel, Bruce Dixon, Michael Patterson, Dana Phillips and Kim Gasser, acting in their individual and official capacities in charge of the Allegheny Correctional Health Services. Am. Compl., [ECF No. 10]. Plaintiff did not include the 2 John Doe C.O.S. Transport Team as defendants in the Amended Complaint. *Id.*

3

On December 30, 2011, with leave of Court, Plaintiff, while still *pro se*, filed a Second Amended Complaint. Order of 12/16/2011, [ECF No. 18]; Sec. Am. Compl., [ECF No. 19]. The Second Amended Complaint named only Mark Patrick Flarherty, Dana Phillips, Ramon C. Rustin and Dan Onorato as Defendants. [ECF No. 19]. On January 23, 2012, the Court granted Plaintiff's motion to extend time to provide service copies to the named Defendants, and ordered Plaintiff to provide instructions for service by February 24, 2012. Order of 1/23/2012, [ECF No. 22].

Before the February 24, 2012 deadline for service arrived, the Court placed the instant matter on administrative suspension on February 8, 2012, pending the appointment of pro bono counsel to the Plaintiff. Order of 2/8/2012, [ECF No. 25]. Counsel was obtained, and on May 11, 2012, the case was reopened, and the Court granted Plaintiff leave to file a Third Amended Complaint. Order of 5/14/2012, [ECF 32]. Plaintiff's counseled Third Amended Complaint filed on May 14, 2012 named as Defendants: John Doe C.O.S. Transport Team Members; Allegheny Correctional Health Services; and Allegheny County. Third Am. Compl., [ECF No. 33]. On May 23, 2012, Allegheny County executed a waiver of service that was filed by Plaintiff with the Court on May 25, 2012.

The Third Amended Complaint more poignantly reiterates the claims set forth in Plaintiff's pro se Complaints, and alleges, *inter alia*, that Allegheny County "failed to provide competent staff to tend to Cotton's serious medical needs[,]" and "showed deliberate indifference by failing to implement or uphold policies requiring proper training and supervision of medical care[,]" violating the Eighth Amendment and 42 U.S.C. §1983. [ECF No. 33] at ¶¶29-30. Specifically, Plaintiff alleges that Allegheny County failed to properly train and supervise ACHS and its staff in recognizing the symptoms of Diabetes Mellitus, resulting in a failure to

4

diagnose and treat Cotton's serious medical needs. *Id.* at ¶¶29-32. Shortly thereafter, Defendant, Allegheny County filed this Motion to Dismiss [ECF No. 50] on July 23, 2012, and, having been fully briefed, the issues are ripe for discussion.

### III. JURISDICTION

This Court has jurisdiction over this case pursuant to federal question jurisdiction, 28 U.S.C. §1331, as Plaintiff advances claims under 42 U.S.C. §1983, and the Eighth Amendment of the United States Constitution. *See Jiminez v. All Am. Rathskeller, Inc.*, 503 F.3d 247 (3d Cir. 2007). Further, all parties have consented to jurisdiction before a United States Magistrate Judge; therefore, this Court has the authority to decide dispositive motions, and to eventually enter final judgment.[1]

### IV. FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)

It is well-settled that in reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court must " accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). Dismissal pursuant to Fed. R. Civ. P. 12(b)(6) is proper only where the averments of the complaint plausibly fail to raise directly or inferentially the material elements necessary to obtain relief under a viable legal theory of recovery. *Bell Atl. Corp. v. Twombly*, 550

---

[1] Under the Federal Magistrate Judges Act ["Act"], a Magistrate Judge's jurisdiction may arise through the consent of the parties. 28 U.S.C. § 636(c). Under the Act, "[u]pon consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case, when specially designated to exercise such jurisdiction by the district court." 28 U.S.C. § 636(c)(1). Such a referral gives the magistrate judge full "authority over dispositive motions, conduct of trial, and entry of final judgment, all without district court review." *Roell v. Withrow*, 538 U.S. 580, 585 (2003); *In re Search of Scranton Hous. Auth.*, 487 F.Supp.2d 530, 535 (M.D.Pa. 2007). "[S]o long as consent [to Magistrate Judge jurisdiction] is clear and unambiguous, it is effective." *In re Search of Scranton Hous. Auth.*, 487 F.Supp.2d at 535; *Roell*, 538 U.S. at 591 (consent may be inferred from parties' actions). The instant matter was reassigned to Magistrate Judge Cynthia Reed Eddy on October 27, 2011. Subsequently, all parties consented to Magistrate Judge jurisdiction. *See* [ECF No. 42]; [ECF No. 45]; [ECF No. 46].

U.S. 544, 561 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). Stated differently, allegations of the complaint must be factually grounded to move the claim from the realm of mere possibility to one that "is plausible on its face." *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Under the post *Twombly/Iqbal* standard, civil complaints "must contain more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009) (internal quotations omitted).

Although a district court may not generally consider matters extraneous to pleadings when ruling on a motion to dismiss, it may consider documents integral to or explicitly relied upon in a complaint without converting the motion to dismiss into a motion for summary judgment. *West Penn Allegheny Health Sys., Inc. v. UPMC*, 627 F.3d 85, 97 (3d Cir. 2010); *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). Thus, "exhibits attached to the complaint and facts of which the court will take judicial notice" will not automatically convert a Rule 12(b)(6) motion to dismiss to a motion for summary judgment. *Pryor v. Nat'l Coll. Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002).

## V. ANALYSIS

### a. The "Relation Back Doctrine"

In its Motion to Dismiss, Allegheny County argues that Plaintiff's claims against it are barred by the two-year statute of limitations that govern such claims. Allegheny County asserts that Plaintiff's cause of action accrued on August 18, 2009, and that the statute of limitations expired on August 18, 2011. Because Allegheny County was not named as a Defendant until the

Third Amended Complaint, filed on May 14, 2012, Allegheny County moves this Court to dismiss it from the case.

Plaintiff counters that the Third Amended Complaint "relates back" to the original *pro se* Complaint filed on July 28, 2011, and that, pursuant to Fed. R. Civ. P. 15(c), the claims against Allegheny County must be deemed timely within the two year statute of limitations. The Court agrees that the Third Amended Complaint relates back to the initial Complaint, which was timely filed within the two year statute of limitations.

The applicable statute of limitations in Section 1983 actions in Pennsylvania is two years. *Lake v. Arnold*, 232 F.3d 360, 366 (3d Cir. 2000) (citing 42 Pa.C.S. §§ 5524, 5533); *see Wilson v. Garcia*, 471 U.S. 261, 276-80 (1985) (federal civil rights statute of limitation is governed by the state's limitation for personal injury actions). Although the applicable limitations period is governed by state law, the date on which the claim accrues is analyzed under federal law. *Albright v. Oliver*, 510 U.S. 266, 280 n. 6 (1994). For Section 1983 cases, "the date when the plaintiff becomes aware, or should have become aware, of both of the fact of injury and its causal connection to the defendant, triggers the limitations period." *Proper v. Crawford Cty. Corr. Fac.*, 2009 WL 5216860, *12 (W.D.Pa. Dec. 29, 2009) (quoting *Del. State Coll. v. Ricks*, 449 U.S. 250, 258 (1980)).

Here, Plaintiff alleges that the failure to diagnose and treat his diabetes while in the care of the Allegheny County Jail caused subsequent harm to him, specifically, the amputation of his right hand. Allegheny County argues that because Plaintiff complained of symptoms earlier than August 18, 2009, the day he was transported to UPMC Mercy, the limitations period commenced when Plaintiff alleges he began receiving inadequate care. Def.'s Reply Brief in Support of Mot. to Dismiss, [ECF No. 54] at 2. Specifically, Allegheny County claims because Plaintiff began

"receiving allegedly deficient medical treatment on February 10, 2009, when Defendant [ACHS] obtained a blood sample from him for testing" the statute of limitations expired on February 10, 2011. [ECF No. 54] at 2. The Court rejects that argument and finds that the statute of limitations commenced on August 18, 2009, the date that Plaintiff was diagnosed with Diabetes Mellitus. Prior to that date, he had no reason to know of, or discover, his injury, or know that Defendant's allegedly deficient treatment was casually connected to his injury. Plaintiff filed his original *pro se* Complaint on July 28, 2011 within the applicable statute of limitations; therefore, the sole issue for the Court is whether the naming of Allegheny County as a Defendant in the counseled Third Amended Complaint on May 14, 2012 relates back to the Original Complaint.

Where the statute of limitations has expired, a plaintiff may only name a new party or add a new claim if he demonstrates that the new party or claim "relate[s] back to the filing of the date of the original complaint." *Muhammed v. Pawlowski*, 2012 WL 748411, *2 (E.D.Pa. March 7, 2012). Under Fed. R. Civ. P. 15(c), an amended complaint "relates back to the date of the original complaint" when:

> (A) the law that provides the applicable statute of limitations allows relation back;
>
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction or occurrence set out – or attempted to be set out – in the original pleading; or
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
>> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1). The relation-back doctrine is "structured to balance the interests of the defendant protected by the statute of limitations with the preference expressed in the Federal Rules of Civil Procedure in general, and Rule 15 in particular, for resolving disputes on their merits." *Glover v. Fed. Dep. Ins. Corp.*, 2012 WL 3834666, *3 (3d Cir. Sept. 5, 2012) (quoting *Krupski v. Costa Crociere S.p.A.*, -- U.S. --, 130 S.Ct. 2485, 2494 (2010). Rule 15(c) effectively "allows a plaintiff to sidestep an otherwise-applicable statute of limitations, thereby permitting resolution of a claim on the merits, as opposed to a technicality." *Glover*, 2012 WL 3834666 at *3 (rejecting relation-back argument because plaintiff alleged new claims not connected with the transaction or occurrence alleged in the original complaint).

If a plaintiff seeks to add or substitute a new party to a complaint, the plaintiff has the burden of showing that (1) the amended pleading relates to the same conduct, transaction or occurrence set forth in the original complaint; (2) within the 120-day time period set forth in Rule 4(m), the proposed new defendant had notice of the action; and (3) the proposed new defendant knew or should have known that but for a mistake of identity of the proper party, he would have been named in the initial complaint. *Pawlowski*, 2012 WL 748411 at *2 (quoting *Estate of Grier v. Univ. of Pa. Health Sys.*, 2009 WL 1652168, *3 (E.D.Pa. June 11, 2009)).

In the instant case, the first prong of the relation back doctrine is met. The claims against Allegheny County raised in Plaintiff's Third Amended Complaint arise out of the same conduct, transaction and occurrence that Plaintiff asserted in Plaintiff's original Complaint. Defendant concedes this point. *See* Def.'s Reply Brief in Support of Mot. to Dismiss [ECF No. 54] at 3. In each Complaint, Plaintiff maintained that his constitutional rights were violated due to the failure to diagnose and properly treat his diabetes, the handcuffing of his hand to the hospital bed, and

the subsequent amputation of his hand. Although the defendants to this action have changed throughout the several complaints, the underlying plot has remained the same.

Allegheny County next argues that it was not properly served within the constructs of Rule 4(m), and therefore the Plaintiff's cause of action should be dismissed for failure to effectuate proper service. The Court disagrees.

Rule 4(m) requires a plaintiff to serve a defendant with process within 120 days of the filing of a complaint.[2] Fed. R. Civ. P. 4(m). When an amended complaint names a new defendant, a plaintiff has 120 days from when the amended complaint is filed to serve that newly named defendant with process. *Lindley v. City of Birmingham*, 452 Fed.Appx. 878, 880 (11th Cir. 2011) (citing *Brait Builders Corp. v. Mass., Div. of Cap. Asset Mgmt.*, 644 F.3d 5, 9 (1st Cir. 2011); *Bolden v. City of Topeka*, 441 F.3d 1129, 1148 (10th Cir. 2006) ("the 120-day period provided by Rule 4(m) is not restarted by the filing of an amended complaint **except as to those defendants newly added in the amended complaint**") (emphasis added); *Carmona v. Ross*, 376 F.3d 829, 830 (8th Cir. 2004) (same); *McGuckin v. United States*, 918 F.2d 811, 813 (9th Cir. 1990) (same)). *See also Urrutia v. Harrisburg Cnty. Police Dep't*, 91 F.3d 451, 458 (3d Cir. 1996) ("Rule 15(c) does not require that a plaintiff actually amend his complaint within the Rule 4(m) period; it speaks only of notice, lack of prejudice, and reason to know of a mistake within that time"); 4B Charles Alan Wright & Miller, *Federal Practice and Procedure* §1137, at 337 (3d ed. 2002); 1 James Wm. Moore et al., *Moore's Federal Practice §4.80* (3d ed. 1997). Practically speaking, where a plaintiff amends his complaint and adds a new defendant, the 120 day time frame implemented by Rule 4(m) to effectuate service on that newly-named defendant

---

[2] Advisory Notes submitted with the 1991 Amendment of Fed. R. Civ. P. 15(c) state: "[T]his rule allows not only the 120 days specified in that rule, but also any additional time resulting from any extension ordered by the court pursuant to that rule." Fed. R. Civ. P. 15 Advisory Committee's Notes to 1991 Amendment 658 (1992). In light of these Advisory Notes and the fact that Plaintiff was *pro se* and actively seeking counsel during the commencement of his case, the Court granted extensions to allow him to effect proper service.

restarts with the filing of the amended complaint. *See Lindley*, 452 Fed. Appx. at 880 (restarting 120-day time limit for service as to a newly named defendant in the amended complaint).

Plaintiff filed his Third Amended Complaint with leave of court on May 13, 2012, and served it on May 23, 2012, giving Defendant actual notice of the action within the requisite 120 day period. Thus, Allegheny County was timely and properly served within the requirements of Rule 4(m).

Finally, Defendant argues that it will be prejudiced on the merits if Plaintiff's Third Amended Complaint is deemed to relate back, because "its ability to conduct necessary and adequate discovery has been undermined." Def.'s Reply Brief in Support of Mot. to Dismiss [ECF No. 54] at 4. "The 'prejudice' to which the Rule refers is that suffered by one who, for lack of timely notice that a suit has been instituted, must set about assembling evidence and constructing a defense when the case is already stale." *Nelson v. Allegheny Cnty.*, 60 F.3d 1010, 1015-16 (3d Cir. 1995) (citation omitted) (finding that because plaintiffs "allege[d] injury by the same conduct described in the original pleading, the evidence relevant to a defense against these new claims would be the same evidence relevant to a defense against the original claims[,]" there was no prejudice to the newly named defendants).

In this case, the discovery period has not closed, the Court has granted leave to depose Plaintiff, an incarcerated individual, the parties have not completed the mandatory ADR process, and a trial date has not been set. *See* Case Mgmt. Order of 7/11/2012, [ECF No. 47]. Moreover, Plaintiff's claims alleged in his Third Amended Complaint stem from the same conduct alleged in the original Complaint, and it appears that Allegheny County's discovery will require no more than medical and prison records already in its possession, which were filed with the Third

Amended Complaint. Therefore, Allegheny County is not prejudiced in maintaining a defense on the merits for relation back purposes.

Lastly, Allegheny County knew or should have known that, but for Plaintiff's mistake in naming Allegheny County Jail in his original Complaint, the action would have been brought against it. The Supreme Court has held that "relation back under Rule 15(c)(1)(C) depends on what the party to be added knew or should have known, not on the amending party's knowledge or its timeliness in seeking to amend its pleading." *Krupski*, 130 S.Ct. at 2490. The knowledge requirement is focused on "what the prospective defendant reasonably should have understood about the plaintiff's intent in filing the original complaint against the first defendant. *Id.* at 2496. Plaintiff's knowledge "**is relevant only if it bears on the defendant's understanding of whether the plaintiff made a mistake regarding the proper party's identity.**" *Id.* at 2493-94 (emphasis added).

While the Third Circuit Court of Appeals has held that "an amended complaint will not relate back if the plaintiff had been aware of the identity of the newly named parties when she filed her original complaint and simply chose not to sue them at that time[,]" *Garvin v. City of Phila.*, 354 F.3d at 221-22, a "plaintiff's knowledge of a party's existence should not be conflated with [a] mistake" of a party's identity. *Spiess v. Pocono Mountain Reg'l Police Dep't*, 2012 WL 1965387, *4 (M.D.Pa. May 31, 2012). On this point:

> A plaintiff might know that the prospective defendant exists but nonetheless harbor a misunderstanding about his status or role in the events giving rise to the claim at issue, and she may mistakenly choose to sue a different defendant based on that misimpression. That kind of deliberate mistaken choice does not foreclose a finding that Rule 15(c)(1)(C)(ii) has been satisfied.

*Krupski*, 130 S.Ct. at 2494. Thus, where the plaintiff brings a Section 1983 action, and fails to name the defendant that is subject to liability based on his policymaking status, this is considered a "mistake" under the relation-back doctrine and does not prohibit a finding of relation-back. *Spiess*, 2012 WL 1965387 at *6 (the Court permitted the amendment of the complaint to add the police commission as a defendant, because it "should have known that it would [have been] a defendant[,]" and while plaintiffs knew of the commission's existence, they "did not learn that the Commission was a policymaker until recent discovery and depositions").

The Third Circuit Court of Appeals has also noted:

> [B]ecause, as an objective matter, it is a legal blunder to pursue a municipal defendant for the misdeeds of individual state actors, it is arguable that the proposed additional defendant police officers knew or should have known that but for the legal mistake of this pro se plaintiff, they would have been direct targets of the complaint from the outset.

*Urrutia*, 91 F.3d at 458.

This Court finds that Plaintiff mistakenly named Allegheny County Jail in the original Complaint, and but for his "legal blunder," he would have properly named Allegheny County as a defendant. It is clear from the outset of his action that Plaintiff has consistently named players from the same team, but has not been consistent or accurate given his lack of sophistication and education. As in *Spiess* and *Krupski*, Plaintiff knew of Allegheny County's existence, but did not learn, until the appointment of counsel, that Allegheny County was the correct municipal defendant, not the Allegheny County Jail, which he initially named. Allegheny County should have known that but for Plaintiff's legal mistake, he would have named it as a Defendant in the

original Complaint due to its role as policymaker.[3] For the reasons set forth above, Plaintiff's Third Amended Complaint relates back to his original Complaint pursuant to Fed. R. Civ. P. 15(c).

### b. Failure to State a Claim Against Defendant Allegheny County

Finally, Defendant argues that in a Section 1983 action, a municipality cannot be held liable for the acts of its employees or agents under the theory of respondeat superior.[4] While this argument is facially true, it is factually misguided. Plaintiff does not allege liability under the theory of respondeat superior, but rather asserts that Allegheny County's policy or custom caused Plaintiff's constitutional violation. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Under *Monell*, "it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government entity is responsible under §1983." *Id.* at 694. A civil rights complaint filed under Section 1983 is "adequate where it states the conduct, time, place, and persons responsible." *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005).

Taking the facts in Plaintiff's Third Amended Complaint as true, as this Court must, Plaintiff has adequately stated a claim upon which relief can be granted under *Monell*. Plaintiff

---

[3] "Allegheny County Bureau of Corrections is a sub-unit of Allegheny County. It has no separate corporate identity and therefore lacks the capacity to be sued." *Kipp v. Allegheny Cty.*, 2012 WL 1463309, *3 (W.D.Pa. April 27, 2012).

[4] Defendant also contends Plaintiff has not adequately alleged any policy or custom of Allegheny County violated his constitutional rights. [ECF No. 51 at 7]. In support of this contention, Allegheny County erroneously relies on summary judgment cases for the proposition that we must dismiss Plaintiff's action. *See* [ECF No. 51 at 7] (citing *Gagliardi v. Cty. of Allegheny*, 2007 WL 838971 (W.D.Pa. March 15, 2007) (summary judgment in favor of County); *Parent v. Roth*, 2001 WL 1243563 (E.D.Pa. Oct. 17, 2001) (summary judgment in favor of municipality)). While Allegheny County also relies on dismissal cases in its brief, the cases cited failed to make even the most basic allegations of fact. *See* [ECF No. 51 at 7-8] (citing *Smith v. Municipality of Lycoming Cty.*, 2006 WL 1793228, *3 (M.D.Pa. June 27, 2006) (granting dismissal as to County because plaintiff failed to "allege any direct involvement" of the County); *Newsome v. Howard*, 2008 WL 399655, *2 (D.Del. Feb. 12, 2008) (dismissal was proper because "[o]ther than being named as a defendant, there [were] no allegations" against municipality to suggest a constitutional violation had occurred)). Plaintiff has included specific allegations that Allegheny County has violated his constitutional rights, and such allegations are provable through the discovery process. Therefore, Plaintiff has adequately alleged Allegheny County has violated his Eighth Amendment rights, and can survive dismissal.

alleges in his Third Amended Complaint that on August 18, 2009, Allegheny County failed to implement or uphold policies requiring the proper training and supervision of ACHS and its staff in the symptoms of Diabetes Mellitus, and in monitoring and following up on diagnostic tests. [ECF No. 33] at ¶¶29-32. Plaintiff further alleges that Allegheny County failed to provide competent staff to transport Plaintiff to UPMC Mercy, and failed to implement or uphold policies requiring proper training and supervision of the Allegheny County Jail and Defendant John Does in the correct use of restraints, and in recognizing the signs of improperly placed restraints. *Id.* at ¶¶44-47. Thus, by failing to implement or uphold policies requiring proper training and supervision of Allegheny County Jail and Defendant John Does, Plaintiff alleges that Allegheny County violated the rights, privileges and immunities secured to Plaintiff by the Eighth Amendment of the United States Constitution and 42 U.S.C. §1983. *Id.* at ¶¶32, 42. Plaintiff has adequately averred the conduct, time, place, and parties responsible necessary to survive a motion to dismiss.

## VI. CONCLUSION

Plaintiff's Third Amended Complaint is not barred by the statute of limitations. It properly relates back to his original Complaint because (1) both Complaints assert claims arising out of the same conduct, transaction and occurrence; (2) Defendant Allegheny County was properly served with the Third Amended Complaint within the time period provided by Rule 4(m), and received such notice of the action that it will not be prejudiced in defending on the merits; and (3) Defendant Allegheny County should have known that the action would have been brought against it but for Plaintiff's mistake concerning Defendant's proper identity. Further, Plaintiff has adequately stated a claim upon which relief can be granted under Fed. R. Civ. P.

12(b)(6). For all of the foregoing reasons, Allegheny County's Motion to Dismiss will be denied by separate order.

Dated: October 4, 2012

By the Court,

Cynthia Reed Eddy
United States Magistrate Judge

cc: All attorneys of record via CM-ECF